# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MALTESE WILLIAMS,

        Plaintiff,

v.                                                       Case No. 16-C-581

SCOTT ECKSTEIN,

        Defendant.

## ORDER DISMISSING PETITION

Petitioner Maltese Williams filed this petition under 28 U.S.C. § 2254 seeking federal habeas review of his conviction for attempted robbery and felony murder. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

The petition and accompanying brief allege that the Petitioner was convicted of a crime that did not exist, i.e., that the elements of the crime were not proven to the jury. In essence, the petition alleges that the Petitioner was subjected to double jeopardy because he was convicted of felony murder of a victim despite the jury's finding that he had not attempted to rob that victim.

The questions presented here were addressed by the state supreme court, which took the case to clarify a point of state law. The underlying facts are not complex. Williams and two others went to the home of Michael Parker, a drug dealer, in order to rob him. Authur Robinson was a houseguest at Parker's home. In the context of the robbery, both Parker and Robinson were shot and killed by one of Williams' accomplices.

Williams, the Petitioner, was charged with two counts of felony murder, as well as two counts of attempted armed robbery. The jury found him guilty of three of the counts, but *not* guilty on the charge that he had attempted to rob Robinson, the houseguest. The apparent reason for the not guilty verdict on that count was that the men had entered the house solely to rob Parker, the house's owner, and Robinson was simply in the wrong place at the wrong time.

The central point of contention was the jury instructions. The trial court instructed the jury that to find Williams guilty of felony murder of Robinson, it needed to find that he had attempted to rob Robinson. That instruction was incorrect. Under state law, Williams could be guilty of felony murder so long as the state proved he had attempted to rob *someone*; in this case, the state's theory was that the men had attempted to rob Parker, a drug dealer and owner of the house, and that Robinson was essentially collateral damage. As the prosecutor argued to the jury: the state "doesn't have to show that Authur Robinson was a victim [of attempted robbery]. Because if in the course of this armed robbery anyone is killed, whether it be the bank clerk, the security guard, an accomplice, a kid walking down the street, if anybody, whether it's Authur Robinson, or anyone else was killed while an armed robbery of [Michael] Parker is taking place, that is felony murder." *State v. Williams,* 2015 WI 75, ¶ 67, 364 Wis. 2d 126, 157, 867 N.W.2d 736, 750 (Wis. 2015).

Given that the jury found the Petitioner not guilty of the attempted robbery of Robinson,

Williams argued that it could not, under the court's jury instructions, have also found him guilty of felony murder of Robinson. The state supreme court rejected this argument, finding that the court's erroneous instruction was harmless error because the jury did not need to find Williams guilty of attempted robbery of Robinson. In essence, the erroneous instruction had made it *harder* for the state to win than the law warranted. Because the state won its case despite the error in the defendant's favor, clearly the state would have won under a proper instruction. Had the jury been properly instructed, the court found no question that the jury would have found guilt on both felony murder charges. It had found guilt as to the attempted robbery of Parker, and that was all that was required. *Id.*

Under 28 U.S.C. § 2254(d), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See also Williams v. Taylor,* 529 U.S. 362, 412 (2000). It is impossible to conclude that the state supreme court decision, which was unanimous in upholding the conviction, was contrary to, or an unreasonable application of, any clearly established federal law. In particular, there is no clearly established constitutional right mandating that a criminal defendant must benefit from an incorrect jury instruction that proves harmless. In this case, as the court noted, there is no question that the jury would have convicted on the felony murder charge, since it *did* convict on it, and it also entered a guilty verdict on the underlying attempted robbery charge for Parker. That was all that state law

required, and there is no contrary federal law mandating otherwise.[1] In fact, federal courts considering erroneous jury instructions have noted that "even if the jury instructions . . . were erroneous, if the applicable principles of law were communicated to the jury—through the arguments or evidence, for example—then [the defendant] does not deserve a new trial." *Susan Wakeen Doll Co. v. Ashton Drake Galleries,* 272 F.3d 441, 452 (7th Cir. 2001). Here, the prosecutor's closing argument clearly explained to the jury that they need not find the defendant had attempted to rob Robinson. The state "doesn't have to show that Authur Robinson was a victim. Because if in the course of this armed robbery *anyone* is killed, whether it be the bank clerk, the bank's security guard, an accomplice, a kid walking down the street, if . . . anyone else was killed while an armed robbery of Parker was taking place, that is felony murder." 2015 WI at ¶ 32, 867 N.W.2d at 743, 364 Wis.2d at 143 (italics added). Thus, there is not even error here, much less the kind of error that would demonstrate that the state courts contravened controlling Supreme Court precedent. "[A]n erroneous jury instruction is harmless if, looking at the instructions and record as a whole, the court is convinced that a properly instructed jury would have reached the same verdict." *United States v. Williams,* 33 F.3d 876, 879 (7th Cir.1994). That is what the state supreme court concluded here, and its decision was clearly correct.

The Petitioner's brief cites a number of appellate cases involving direct federal appeals (as opposed to habeas appeals of state convictions), but none of them are helpful. First, because they are direct appeals, none of them consider the issues raised under § 2254's much more deferential standard of review. Second, none of them evidence "clearly established" federal law, because they

---

[1] It is also likely that this issue was never fairly presented as raising an issue of *federal* law. The question presented involved which of two arguably contradictory state supreme court opinions was controlling.

are not decisions by the Supreme Court. 28 U.S.C. § 2254(d)(1). In particular, *Musacchio v. United States,* 136 S. Ct. 709, 715 (2016), does not require a new trial; in fact, it affirms the central principles outlined above: "A reviewing court's limited determination on sufficiency review thus does not rest on how the jury was instructed. When a jury finds guilt after being instructed on all elements of the charged crime plus one more element, the jury has made all the findings that due process requires." At best, there are a number of arguable complexities raised when a court instructs a jury in a fashion that does not correspond to what a statute provides. In some cases, this could require reversal. Here, however, the state courts reasonably concluded that the error was harmless because the jury would no doubt have reached the same conclusion had it received proper instruction. That decision cannot be disturbed under federal habeas review.

Accordingly, the petition is hereby **DISMISSED** pursuant to Rule 4 of the Rules Governing § 2254 Cases. I further certify that no certificate of appealability should issue, since reasonable jurists would not debate the outcome and the Petitioner has not demonstrated the denial of any constitutional rights.

**SO ORDERED** this 13th day of February, 2017.

/s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court